UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KYLE DAVID WALTERS,

     Plaintiff,

v.                                                          Case No. 3:21cv1045-MCR-HTC

ESCAMBIA COUNTY JAIL,
ESCAMBIA COUNTY SHERIFF'S OFFICE,
ESCAMBIA COUNTY BOARD OF
     COMMISSIONS.

     Defendants.

_____/

## REPORT AND RECOMMENDATION

On September 20, 2021, Plaintiff Kyle Walters, proceeding *pro se*, initiated a

§ 1983 action against Defendants purporting to bring several claims, including but

not limited to, claims regarding prison conditions and COVID-19 protocols at

Escambia County Jail.  ECF Doc. 1.  The matter was referred to the undersigned

Magistrate Judge for preliminary screening and report and recommendation pursuant

to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Because Plaintiff has not filed

anything since his complaint, including a motion to proceed *in forma pauperis,* or

paid the filing fee, the undersigned respectfully recommends this case be dismissed

without prejudice for failure to prosecute and failure to comply with an order of the Court.

On September 22, 2021, the Court instructed Plaintiff he must, within twenty-one (21) days from the date of the order, either file a completed motion to proceed *in forma pauperis* or pay the $402.00 filing fee.  ECF Doc. 3.  After twenty-one (21) days, the Court still had not received either, and on October 21, 2021, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders.  ECF Doc. 4.  Plaintiff was advised that his failure to timely comply with the order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. ECF Doc. 3-4.

The time for Plaintiff to respond to the Court's show cause order has passed without a response from Plaintiff.  As stated above, Plaintiff has taken no other action in this case since he filed his complaint.  Moreover, a cursory review of the Escambia County Jail inmate search reveals that Plaintiff was released on September 29, 2021, which would make his claims moot.[1]  *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984).  Regardless, it, appears Plaintiff no longer wishes to pursue his claims.

---

[1] *See* https://inmatelookup.myescambia.com/smartwebclient/jail.aspx.

Case No. 3:21cv1045-MCR-HTC

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this this 11th day of November, 2021.


/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.